UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN STARKS,<br><br>        Plaintiff,<br><br>    v.<br><br>FPI MANAGEMENT, et al.<br><br>        Defendants. | No. 2:25-cv-01382-TLN-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On June 2, 2025, plaintiff Kevin Starks filed a motion requesting a preliminary injunction which the Court construes as requesting emergency relief under Federal Rule of Civil Procedure 65. (ECF No. 15.) Because plaintiff proceeds without counsel, this matter is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636. This motion is appropriate for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion for preliminary injunction should be denied.

**I.    Background**

Defendant I.Q. Data International, Inc. removed this action to this Court on May 14, 2025. (ECF No. 1.) Plaintiff's initial complaint was filed in the San Joaquin County Superior Court on March 25, 2025, against defendants FPI Management; Patmon Company, Inc.; Stonebrier Apartments; and I.Q. Data International, Inc. (Id.) Plaintiff's allegations involve allegedly improper fees related to early termination of a lease agreement that included a buyout addendum.

1

Through this action, plaintiff seeks damages and a "preliminary and permanent injunction" to have defendants remove any and all credit information or data that was shared as a result of defendants' actions. (Id. at 27-28.)

Defendants FPI Management; Patmon Company, Inc., and Stonebrier Apartments filed a motion to dismiss on May 21, 2025. (ECF No. 6.) These defendants allege that plaintiff has not properly served defendants Patmon Stonebrier, LP (erroneously sued as Stonebrier Apartments) and Patmon Company, Inc. with the complaint, but these entities are appearing for purposes of joining FPI Management's motion to dismiss. (Id.) Defendant I.Q. Data International, Inc. filed a motion to dismiss on May 29, 2025. (ECF No. 12.)

On June 2, 2025, plaintiff filed the motion for preliminary injunction presently before the Court. (ECF No. 15.) Plaintiff requests that the Court remand this case back to the Superior Court (id. at 1, 3) or only remove I.Q. Data International, Inc. and remand the remaining defendants (id. at 3). Plaintiff also requests that the Court "grant immediate preliminary injunction ordering [I.Q. Data International, Inc.] to cease any collections activity, remove and cease any assessment of fees and interest, and remove any credit reporting while the account and their conduct under collections law is under dispute." (Id. at 3-4.)

**II.     Legal Standard**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Under another formulation of the test used in the Ninth Circuit, a likelihood of success is not an absolute requirement. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are raised and the balance of hardships tips in plaintiff's favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). A preliminary injunction is an extraordinary remedy that may be awarded only upon a clear showing that the movant is entitled

2

to relief. Winter, 555 U.S. at 22, 24. A court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a).

Under the Court's local rules,

> All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Local Rule 231(d).

### III.  Analysis

As a preliminary matter, plaintiff has not satisfied the requirements of this Court's local rule governing applications for preliminary injunctions. Plaintiff has not filed a brief on all relevant legal issues presented by the motion, has not filed an affidavit in support of the existence of an irreparable injury, and has not filed a proposed order. While all defendants have appeared in the case and should receive notice of plaintiff's motion for preliminary injunction through CM/ECF Notice of Electronic Filing, there is no evidence that plaintiff served the motion on defendants. The motion is therefore procedurally defective to the extent it requests a preliminary injunction. See Local Rule 231. Plaintiff's failure to comply with the requirements of this Court's local rules is sufficient justification to deny a temporary restraining order. See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); see also Nible v. Macomber, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as procedurally deficient).

Plaintiff also fails to demonstrate he is likely to succeed on the merits of any claim as required for a preliminary injunction to issue. Plaintiff's motion does not furnish the Court with any legal authority or evidence supporting plaintiff's claims. Plaintiff's motion appears to mainly argue that the case should be remanded to state court. As the moving party, plaintiff bears the burden of establishing the merits of the claims. See Winter, 555 U.S. at 20. Likelihood of success on the merits is the most important Winter factor, and it is also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a

1  likelihood of success on the merits, plaintiff also does not establish that the balance of equities
2  tips in plaintiff's favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at
3  20.
4        Plaintiff also does not establish the likelihood that plaintiff will suffer irreparable harm in
5  the absence of preliminary relief. As noted above, plaintiff's motion mainly argues that plaintiff's
6  case should be remanded to state court. The only request for immediate relief plaintiff makes is
7  for defendant I.Q. Data International, Inc. to "cease any collections activity, remove and cease
8  any assessment of fees and interest, and remove any credit reporting" while the account and
9  defendant's conduct is under dispute. (ECF No. 15 at 3-4.) Nothing in the motion suggests
10 plaintiff is at risk of any irreparable harm in the absence of preliminary relief. A plaintiff must
11 demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Los
12 Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir.
13 1980). Here, plaintiff's motion does not come close to alleging the type of irreparable harm
14 necessary for a preliminary injunction. See FDIC v. Garner, 125 F.3d 1272, 1279 (9th Cir. 1997)
15 (the threat of injury "must be imminent, not remote or speculative" (citation omitted)), cert.
16 denied, Garner v. FDIC, 523 U.S. 1020 (1998); Caribbean Marine Servs. Co. v. Baldrige, 844
17 F.2d 668, 674 (9th Cir. 1988) ("Speculative injury does not constitute irreparable injury sufficient
18 to warrant granting a preliminary injunction.").
19       Plaintiff's motion notes that plaintiff has received documents from defendants stating the
20 date and time for appearance, but none of the documents are "certified as received by the court,"
21 and plaintiff asks the Court to verify if the documents are credible and clarify when and where
22 any hearings will be held. Plaintiff is instructed to review the docket in this case to see the dates
23 and times of the pending hearings. Currently, there are two pending motions to dismiss (ECF
24 Nos. 6, 12) set for hearing on July 9, 2025, at 10:00 AM via Zoom before the undersigned.
25 Plaintiff may review the Court's Local Rules, and the district court website for further
26 information: https://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.
27     **IV.**    **Recommendation**
28       For all the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's

motion for preliminary injunction (ECF No. 15) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 5, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, star.1382.25