UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN STARKS,

Plaintiff,

v.

FPI MANAGEMENT, et al.,

Defendants.

No. 2:25-cv-01382-TLN-CKD (PS)

FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANTS' MOTIONS TO DISMISS

(ECF Nos. 14, 21, 22)

Defendant I.Q. Data International, Inc. ("I.Q. Data") removed this action from San Joaquin County Superior Court on May 14, 2025. (ECF No. 1.) Defendants FPI Management; Patmon Company, Inc. ("Patmon"); and Patmon Stonebrier[1] ("Stonebrier") consented to the removal of this case. (Id. at 66.) Plaintiff Kevin Starks proceeds in this civil action without counsel. This matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

Presently before the Court is plaintiff's motion to deny removal, which the Court construes as a motion to remand (ECF No. 17); and defendants FPI Management, Patmon, and Stonebrier's motion to dismiss (ECF No. 6) and defendant I.Q. Data's motion to dismiss (ECF

[1] Defendant indicates that Patmon Stonebrier was erroneously sued as Stonebrier Apartments. (ECF No. 1 at 66.)

No. 12). All defendants filed a response to plaintiff's motion to deny removal. (ECF Nos. 22, 23.) Plaintiff opposed defendants' motions to dismiss (ECF No. 19; see ECF No. 21), and defendants filed replies (ECF Nos. 24, 25). The Court finds this matter appropriate for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for July 16, 2025, is vacated. For the reasons set forth below, plaintiff's motion to deny removal/motion to remand should be granted and defendants' motions to dismiss should be denied without prejudice.

## I. Procedural Background

Plaintiff filed his initial complaint in the San Joaquin County Superior Court on March 25, 2025, against defendants FPI Management; Patmon; Stonebrier; and I.Q. Data. (ECF No. 1.) Defendants FPI Management; Patmon; and Stonebrier filed a motion to dismiss on May 21, 2025. (ECF No. 6.) These defendants allege that plaintiff has not properly served defendants Patmon Stonebrier, LP and Patmon Company, Inc. with the complaint, but these entities are appearing for purposes of joining FPI Management's motion to dismiss. (Id.) Defendant I.Q. Data International, Inc. filed a motion to dismiss on May 29, 2025. (ECF No. 12.) These motions are fully briefed. (ECF Nos. 19, 21, 24, 25.)

On June 9, 2025, plaintiff filed a motion to deny removal, which the Court construes as a motion for remand. (ECF No. 17.) Defendants filed responses to this motion. (ECF Nos. 22, 23.) On the Court's own motion for purposes of judicial economy, the undersigned set the motions to dismiss and the motion to deny removal for hearing on July 16, 2025. (ECF No. 19.)

On June 2, 2025, plaintiff filed a motion for preliminary injunction, which was denied by the Court. (ECF Nos. 15, 16, 26.)

## II. Allegations in the Complaint

Plaintiff brings this complaint against defendants FPI Management, Patmon, and Stonebrier; and I.Q. Data for (1) "misrepresentation of early termination" which plaintiff alleges violates California Civil Code section 1572; (2) "deceptive fee and billing practices" which plaintiff alleges violates section 1573; (3) "coercive means for collecting enrichments" which plaintiff alleges violates sections 1770(19) and 1667-1670.12; and (4) "unlawful credit reporting" which plaintiff alleges violates sections 1785.25-1785.27. (ECF No. 1.)

Plaintiff alleges that he lived in Stonebrier Apartment property from July 15, 2024 until September 13, 2024. (Id. ¶ 17.) Plaintiff alleges that defendant Stonebrier is an apartment complex in Stockton that is managed by defendant FPI Management (located in Folsom) and owned by Patmon (located in Stockton). (Id. ¶ 18.) Plaintiff alleges that I.Q. Data (located in Washington) is the collection agency that is responsible for the report on plaintiff's credit report. (Id.)

Plaintiff alleges that plaintiff and defendants entered into a lease agreement that contained an early lease termination option with thirty days notice. (Id. ¶ 2.) Plaintiff states that plaintiff provided defendants thirty days notice of an early termination on August 14, 2024, that that they "may have spoken" in person about a $1,700 early termination fee. (Id. ¶ 5.) Plaintiff states that there was no discussion about when the fee was due. (Id.) On September 13, 2024, plaintiff moved out of the apartment. (Id. ¶ 6.) On September 17, 2024, either via phone or the mobile billing application, plaintiff was informed that there was a $17,000 charge for the remainder of the lease. (Id. ¶ 7.) Defendants asked plaintiff to send an email providing written notice, and defendants replied that the fee was due at the time plaintiff returned the keys. (Id.) Plaintiff alleges plaintiff sent a check to defendants for $1,700, but this check was not accepted. (Id. ¶ 8.)

Plaintiff informed defendants that plaintiff did not consent to have plaintiff's information shared with any third-party. (Id. ¶ 10.) On November 22, 2024, plaintiff received a call from a collections agency on behalf of defendants. (Id. ¶ 11.) According to plaintiff, the collections agent stated that plaintiff owed $17,000, but that the balance would be reduced to $2,870 if plaintiff paid at that time. (Id. ¶ 11.) Defendants verified that they had sent plaintiff's information to a collections agency. (Id. ¶ 12.) Plaintiff noticed that plaintiff's credit score had dropped. (Id. ¶ 31.)

Plaintiff brings claims for (1) "misrepresentation of early termination" which plaintiff alleges violates California Civil Code section 1572 (id. ¶¶ 50-52); (2) "deceptive fee and billing practices" which plaintiff alleges violates section 1573 (id. ¶¶ 53-55); (3) "coercive means for collecting enrichments" which plaintiff alleges violates sections 1770(19) and 1667-1670.12 (id. ¶¶ 56-58); and (4) "unlawful credit reporting" which plaintiff alleges violates sections 1785.25-1785.27 (id. ¶¶ 59-61).

**III. Motion to Remand**

On May 14, 2025, defendants filed a notice of removal and removed this case to this Court. (ECF No. 1.) Defendants base their removal on federal question jurisdiction under 28 U.S.C. § 1441(a), and state that "[w]hile [p]laintiff has not expressly alleged violations of any particular state or federal statute, it is clear that his claim is against [d]efendants is based upon alleged violations of the Fair Credit Reporting Act [("FCRA")], 15 U.S.C. § 1692, et seq." (Id. at 3.) Defendants cite paragraph seventeen of plaintiff's complaint, which states that defendants "engaged in fraud, unfair or deceptive acts or practices, and was in violation of the fair consumer credit reporting act." (Id. at 3 (citing ECF No. 1 ¶ 17). Defendants state that plaintiff alleges conduct concerning defendants furnishing information to credit bureaus, which is the furnishing of information to consumer reporting agencies under the FCRA. (Id. at 4.) Defendants also state that plaintiff could "never state a cause of action under any state statute, as courts have regularly recognized that [15 U.S.C. § ]1681t(b)(1)(F) of the FCRA preempts state causes of action." (Id.)

On June 9, 2025, plaintiff filed a "motion to deny removal," which the Court is construing as a motion for remand. (ECF No. 17.) Plaintiff argues that defendants could "potentially" remove the case based on diversity since I.Q. Data is located outside of California. (Id. at 2.) Plaintiff also states in a heading that "the other defendants' unlawful credit reporting would be the only substantial federal question," however, the substance of this section discusses how the main part of the case is related to leasing practices and fee collection. (Id. at 3-4.)

**A. Legal Standards**

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction

"must be rejected if there is any doubt as to the right of removal in the first instance," Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation marks omitted).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

With regard to federal question jurisdiction, federal courts have "jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal., 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks omitted).

**B. Analysis**

Defendants removed this action based on federal question jurisdiction under 28 U.S.C. § 1441(a). (ECF No. 1 at 3.) Federal question jurisdiction is governed by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Generally, a case "'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (internal quotation marks and citation omitted).

The plaintiff is generally the "master of the complaint," and may choose "not to plead independent federal claims" in a complaint asserting state law causes of action. ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000). Federal question jurisdiction does not arise from the "mere presence of a federal issue in a state cause of action." Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 813 (1986); see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005) (stating the Supreme Court does not treat "'federal issue[s]' as a password opening federal courts to any state action embracing a point of federal law"). However, "a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" Rains v. Criterion Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996) (citing Olguin v. Inspiration Consol. Cooper Co., 740 F.2d 1468, 1472 (9th Cir. 1984)).

First, defendant I.Q. Data argues that "it is clear" that plaintiff's claims are based on alleged violations of the FCRA. (ECF No. 23 at 4.) Defendant I.Q. Data argues that plaintiff alleges conduct concerning defendants furnishing incorrect information to credit bureaus. (Id.) Plaintiff makes two general references to federal statutes in his complaint. Plaintiff states that plaintiff seeks enforcement under the "Fair Debt Collection Practices" and that defendants violated the "fair consumer credit reporting act." (ECF No. 1 ¶¶ 1, 17.) It is not clear to the Court that plaintiff is seeking relief under a federal statute. All of plaintiff's claims are clearly brought under California Civil Code statutes. Plaintiff is not asserting clear causes of action under the FCRA and it is not clear that plaintiff is requesting a remedy that is only available under the FCRA. See Kokhanovski v. TD Bank USA, N.A., 2023 WL 5348361, at *3 (E.D. Cal. Aug. 21, 2023). To support their argument that plaintiff is asserting a federal claim, defendant I.Q. Data argues that plaintiff alleges conduct concerning defendants furnishing incorrect information and cites a federal statute. (ECF No. 23 at 4.) However, California Civil Code section 1785.25(a) (cited by plaintiff), also discusses furnishing information. Plaintiff is able to plead claims to avoid

federal jurisdiction. See Kokhanovski, 2023 WL 5348361, at *3; see also Chinitz v. Experian Info. Sols., Inc., 2017 WL 5560653, at *1-2 (N.D. Cal. Nov. 20, 2017) (remanding action after finding that "the [California Consumer Credit Reporting Agencies Act] and its federal counterpart, the Fair Credit Reporting Act, co-exist as separate statutory schemes"; "although a federal law is noted in the allegations, the mere reference does not convert a state law claim into a federal cause of action").

While a plaintiff is the master of his or her complaint, a plaintiff may not avoid federal jurisdiction by omitting allegations of federal law that are essential to establish his or her claim. Paige v. Henry J. Kaiser Co., 826 F.2d 857, 860 (9th Cir. 1987). This is known as the "artful pleading doctrine," and it applies when "a plaintiff articulates an inherently federal claim in state-law terms." Brennan v. SW. Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998). The doctrine allows courts to "delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (citations omitted). "Courts should invoke the doctrine only in limited circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Id. (citation omitted).

Second, defendant I.Q. Dataargues that 15 U.S.C. § 1681t(b)(1)(F) of the FCRA preempts state causes of action. (ECF No. 23 at 4.) Normally, federal preemption does not authorize removal to federal court. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Removal based on federal preemption is limited to exceptional circumstances, including (1) complete preemption cases; and (2) substantial federal question cases. Lippitt, 340 F.3d at 1041. "Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." Id. at 1041-42 (citing Brennan, 134 F.3d at 1409; Merrell Dow, 487 U.S. at 814).

Under the complete preemption doctrine, "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Avassapian v. BMO Harris Financial Advisors, Inc., 2024 WL 3050805, at *2 (C.D. Cal. Apr. 26, 2024) (citing Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243-44 (9th

Cir. 2009)). The state law claim is then recharacterized as a federal claim. Id. "'[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption,' the state claim can be removed." Id. (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003)).

However, neither the Supreme Court nor the Ninth Circuit have found that the "FCRA's preemption provisions 'completely preempt' state law claims for purposes of supporting removal based on the existence of a federal question." Avassapian, 2024 WL 3050805, at *2 (citing cases where district courts have rejected removals based on FCRA preemption); see also Stone-Molloy v. Midland Funding LLC, 2015 WL 6159104, at *2 (C.D. Cal. Oct. 19, 2015) (remanding the case and stating that the FCRA is not one of the federal statutes the Supreme Court has identified that qualify under the complete preemption doctrine); Alan v. Austin Capital Bank, SSB, 2019 WL 6002406, at *2 (C.D. Cal. Nov. 12, 2019); Sehl v. Safari Motor Coaches, Inc., 2001 WL 940846, at *6-7 (N.D. Cal. Aug. 13, 2001). Additionally, California Civil Code section 1785.25(a) is expressly saved from FCRA preemption, and the Ninth Circuit has held that the private right of action to enforce section 1785.25(a) is not preempted by the FCRA. Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 888 (9th Cir. 2010).

Nor has any defendant shown that this case is substantially about a federal question. Plaintiff's complaint is mainly about an alleged violation of a lease agreement and a reduction in his credit report as a result.

Therefore, it is not evident from the face of plaintiff's complaint that plaintiff has alleged a federal question.

In plaintiff's motion for remand, plaintiff states that the court could potentially remove this action based on diversity jurisdiction because I.Q. Data is located outside of California. (ECF No. 17.) However, diversity jurisdiction requires that the matter be between citizens of different states. 28 U.S.C. § 1332. Based on plaintiff's allegations, defendants Stonebrier and Patmon are from California. (ECF No. 1 ¶ 18.) Therefore, plaintiff has not alleged complete diversity of citizenship between defendants.

Lastly, defendants FPI Management; Patmon; and Stonebrier argue that the Court should not sever I.Q. Data from the other defendants and retain jurisdiction over only I.Q. Data. (ECF

No. 22 at 2.) Because the Court finds remand appropriate, the Court will not address this argument.

Accordingly, plaintiff's complaint does not clearly present a federal question on the face of the complaint, and defendants have not shown that plaintiff's claims are "completely preempted" by the FCRA such that removal would be appropriate. See Placer Dome, Inc., 582 F.3d at 1091; Avassapian, 2024 WL 3050805, at *2. Plaintiff's motion to remand should be granted.

**IV. Motions to Dismiss**

Defendants each move to dismiss plaintiff's complaint. (ECF Nos. 6, 12.) "[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430-31 (2007).

Here, because the Court determines that the case should be remanded back to state court, it refrains from addressing the merits of defendants' arguments, which primarily pertain to issues of California Law. Therefore, the Court recommends denying Defendants' motions without prejudice.

**V. Conclusion**

For the reasons set forth above,

IT IS HEREBY ORDERED that the hearing set for July 16, 2025, is VACATED.

IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion to deny removal (ECF No. 17) be GRANTED;
2. Defendants FPI Management, Patmon, and Stonebrier's motion to dismiss (ECF No. 6) be DENIED without prejudice; and
3. Defendant I.Q. Data's motion to dismiss (ECF No. 12) be DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 9, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, star.1382.25